Broxie *v.* Household Finance Company,
Appellant.

Argued April 10, 1974. Before WATKINS, P. J., JA-
COBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and
SPAETH, JJ.

reargument refused August 1, 1974.

*Charles Weiss,* with him *Chester R. Babst,* and
*Thorp, Reed & Armstrong,* for appellant.

*David K. McMullin,* for appellee.

OPINION BY PRICE, J., June 21, 1974:

This appeal has been taken from the lower court's refusal of appellant's Motions for New Trial and Judgment N. O. V. in an action in trespass on the tort of malicious interference with contractual relations. Appellant raises six (6) assignments of error; but for the reason hereinafter set forth, the merits of basic contentions raised will not be reached. We must reverse and remand for a new trial.

The appellee contends, and the lower court so held, that if defendant (appellant) knew or should have known with substantial certainty that the result would occur, implied intent sufficient to meet the requisite element of intent for maintaining an action for interference with contractual relations exists. Appellant contends that the tort requires proof of "specific intent". Although we do not reach the merits of this argument, the contentions of the parties are important to the error committed by the lower court.

Following submission of appellant's post-trial motions, a transcript of the proceedings was filed with the lower court, said transcript in its relevant portions contained the following:

"[B]ut even though there is no specific intent, and again I emphasize to you that as a matter of law there is no evidence that there was any specific intent in this case, it has always been recognized that a disruption of contractual relations can result, can occur as a result of intentional action on the part of the Defendant who knew *or could have known* that such disruption was certain or substantially certain to result from its action. . . ." (NT 271) (Emphasis added).

". . . .

"[T]hat you could find intent if you found that Defendant knew *or could have known* that the result which was obtained in this case was certain or substan-

tially certain to result from its action. . . ." (NT 293) (Emphasis added).

The trial judge, at oral argument on the post-trial motions, apparently corrected the above portions and interpreted them to read:

"[B]ut even though there is no specific intent, and again I emphasize to you that as a matter of law there is no evidence that there was any specific intent in this case, it has always been recognized that a disruption of contractual relations can result, can occur as a result of intentional action on the part of the Defendant who knew *or should have known* that such disruption was certain or substantially certain to result from its action. . . ." (Emphasis added).

".. . . .

"[T]hat you could find intent if you found that Defendant knew *or should have known* that the result which was obtained in this case was certain or substantially certain to result from its action. . . ." (Emphasis added).

There is no record of this change directed by the trial judge in the official transcript, although in its opinion it is noted: "The trial record shows the word 'could' rather than 'should'. At oral argument on the motion for a new trial, the trial judge stated that the record was inaccurate in this respect and that he had actually used the phrase 'should have known', instead of 'could have known'. A trial judge may correct the stenographer's account of his charge and that correction then becomes a part of the record. See Toddes v. Hafer, 25 Pa. Super. Ct. 78 (1904)." (R27a, N2)

Unfortunately, the trial judge's action is error which requires reversal. In *Commonwealth v. Kulik,* 420 Pa. 111, 113, 216 A. 2d 73, 75 (1966), the Pennsylvania Supreme Court firmly established the rule that must be followed in all such instances:

"This case presents the question of what action this Court should take when a trial judge alters the official stenographer's transcript of testimony without following the procedures provided for in the Act of May 11, 1911, P. L. 279, §4, 12 P.S. §1199. We have concluded that for the proper administration of the judicial system in this Commonwealth a trial judge must strictly adhere to the procedural requirements of the Act and that, therefore, a new trial must be granted to the appellant.

"We feel confident that the trial judge's correction of the record was done in order to make the record consistent with the language he used in directing the jury. We are satisfied that the trial judge acted in complete good faith and with a desire to have the record correctly reflect the proceedings in the trial. This, however, goes only to the question of whether any harm was done to the appellant. We feel that regardless of whether appellant was prejudiced or not, the sanctity of the official stenographer's transcript of testimony is of such significance that we cannot allow even a non-prejudicial change of that transcript without following the procedure established by the Legislature. It is incumbent on this Court to establish and maintain the most stringent standards in this area.

"Since the Act of May 11, 1911 sets forth the procedure that must be followed in order to correct the official stenographer's transcribed notes of testimony, after they have been lodged with the prothonotary or clerk, so as to make them comport with the occurrences at the trial, only by rigid adherence to those procedures can we be assured that the record is prima facie correct when submitted to us or any other court for review upon appeal."

This stringent and prophylactic rule has not been modified in any way. In *Commonwealth v. Sharpe*, 449

Pa. 35, 296 A. 2d 519 (1972), it is cited with approval but distinguished since in the *Sharpe* case, the lower court strictly complied with the Act of 1911, *supra*.

The order of the lower court is reversed and new trial granted.