372 A.2d 741
**Richard BROXIE**

**v.**

**HOUSEHOLD FINANCE COMPANY, a corporation, Appellant.**

Supreme Court of Pennsylvania.

Argued March 11, 1976.

Decided April 28, 1977.

374

Charles Weiss, Chester R. Babst, Thorp, Reed & Armstrong, Pittsburgh, for appellant.

David K. McMullin, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

We deal in this appeal with whether a party who has moved for judgment *non obstante veredicto* waives its right to appellate review of a denial of that motion when the party fails to request the trial court to charge in accordance with the legal standard which the moving party later seeks to have applied in judging the sufficiency of the evidence.

In 1971, appellee, Richard Broxie, sued appellant, Household Finance Company ["Household"], in trespass for damages arising from Broxie's dismissal as an employee of the United States Post Office. The dismissal had been caused, allegedly, by appellant advising the Post Office by means of letters and telephone calls that Broxie had made numerous defaults in the repayment of a loan to Household. It was not alleged in the complaint, nor was there any proof at trial, that Household actually intended to cause Broxie's dismissal. At the close of the evidence Household made a timely request for binding instructions,[1] which was denied. The jury was instructed, instead, that although there was no evidence of actual

---

1. The requested instruction was as follows:
   "Seven. Under all the evidence and the law, your verdict shall be for defendant."

intent on Household's part to bring about Broxie's dismissal, the jury could find for Broxie on his claim for intentional interference with contractual relations if Household knew or should have known that Broxie's discharge was certain or substantially certain to result from Household's actions. Household neither objected to the court's charge on the issue of specific intent [2] nor offered a point for charge on that issue. The jury returned a verdict for Broxie. Appellant's motions for judgment *non obstante veredicto* and for a new trial were denied by a court *en banc*.

Household's appeal to the Superior Court ultimately resulted in an affirmance of the judgment of the trial court. *Broxie v. Household Finance Company*, 232 Pa. Super. 431, 335 A.2d 823 (1975).[3] In that appeal, the Superior Court did not reach the merits of the issue raised by Household as to the definition of specific intent in the tort of intentional interference with contractual relations. Rather, the court ruled that Household's fail-

---

2. The trial judge thrice specifically asked both counsel if either had anything to add to the instructions, or if anything had been omitted or misstated. No correction or addition to the charge was requested on Household's behalf with regard to the instruction on specific intent. Moreover, in appellant's written motions for judgment n. o. v. and new trial no complaint was made as to the charge on specific intent. Not until the argument on post-trial motions did appellant assert that the trial court's instruction on specific intent had been erroneous. This argument was advanced by new counsel for Household.

3. The affirmance of the trial court's order occurred the second time the case was before the Superior Court. Household had earlier appealed to that court, following the denial of post-trial motions by the court *en banc*, and had been granted a new trial on the ground that the court *en banc* had not followed the proper procedure in attempting to correct an error in the record. *Broxie v. Household Finance Company*, 228 Pa.Super. 284, 323 A.2d 364 (1974). This Court then granted Broxie's petition for leave to appeal and simultaneously entered a per curiam opinion reversing the Superior Court's order on the ground that the error on which it was based had not been properly preserved for appeal. *Broxie v. Household Finance Company*, 459 Pa. 494, 329 A.2d 835 (1974). The case was remanded to the Superior Court for consideration of the remaining issues raised in the original appeal. *Id.*

ure to object to the trial court's charge on the element of intent constituted a waiver of the issue. This Court then granted Household's petition for allowance of appeal.[4] We affirm.

The first issue for decision is whether the Superior Court erred in holding that appellant's failure to take exception to the trial court's charge on the element of intent in the tort of intentional interference with contractual relations constituted a waiver of its right to appellate review of the trial court's denial of its motion for judgment n. o. v., as well as its motion for a new trial.

■ It has long been the law in this Commonwealth that in order to preserve for appellate review an issue concerning the correctness of a trial court's charge to the jury, the complaining party must submit a specific point for charge or make a timely specific objection to the charge as given. E. g., *Lobalzo v. Varoli*, 422 Pa. 5, 220 A.2d 634 (1966); *Bell v. Yellow Cab Co.*, 399 Pa. 332, 160 A.2d 437 (1960). See also *Commonwealth v. Sisak*, 436 Pa. 262, 259 A.2d 428 (1969). The only exception to this general rule was where a trial court's charge involved basic and fundamental error, but this exception was formally abrogated in *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). See also *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Thus there can be no doubt, and appellant apparently concedes, that its failure to object to the trial court's charge concerning specific intent precludes it from assigning, on appeal, error in that charge as a reason for the grant of a new trial.

■ With respect to the trial court's refusal of appellant's motion for judgment n. o. v., however, it is contended that because appellant fully complied with the

4. *See* Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, Art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1976–1977).

procedural requirements relating to such a motion,[5] it automatically preserved for appeal all legal issues bearing on the disposition of its motion for that relief, and that whether the trial court employed the correct legal standard in deciding that the evidence was sufficient to support the verdict is among such preserved issues. The Superior Court disagreed, and we believe it was correct in so doing.

As noted above, a party's failure to object to a trial court's charge in a specific and timely fashion precludes that party from assigning, on appeal, error in that charge in support of its request for a new trial. We perceive no reason for according disparate treatment to a party who does not object at trial to an allegedly erroneous charge simply because that party is seeking a judgment n. o. v. rather than a new trial. We recognize that conceptually appellant is not directly claiming that the trial court's charge on specific intent was erroneous, but rather is arguing that the evidence at trial was insufficient as a matter of law to support the verdict rendered. Nevertheless, we cannot ignore the fact that in actuality appellant is seeking to have an appellate court employ a legal standard for judging the sufficiency of the evidence which is different from that used by the trial court and which appellant did not bring to the attention of the trial court in a timely fashion by means of a specific point for charge of a specific objection to the charge as given. In short, the purport of the present argument is that the jury was allowed to reach its verdict under a statement of applicable law which, appellant now contends, was not correct law. But to allow a party to

---

5. In order to perfect the right to request a judgment n. o. v., a party must (1) present a written point requesting binding instructions, and (2) move to have all the evidence presented at trial certified and made part of the record, and for judgment n. o. v. upon the whole record. Act of April 22, 1905, P.L. 286, *as amended*, 12 P.S. § 681. Household complied with both of these requirements.

escape the consequences of failing to object timely and specifically to a trial court's charge simply because of the nature of the relief sought would elevate form over substance. Indeed, given the fact that the remedy of a judgment n. o. v. is more drastic than the award of a new trial, it would be inequitable to address the merits of an unpreserved claim such as appellant's while refusing a similar request by a party who seeks merely a new trial. We therefore conclude that a party who neither specifically objects to a charge on a particular subject nor offers a specific point for charge waives its right to a judgment n. o. v. (or to appellate review of a trial court's denial of a motion for judgment n. o. v.) where the basis of the motion is that the law against which the sufficiency of the evidence is to be measured was not the law as given to the jury.

■ In this case, appellant is arguing that in measuring the sufficiency of the evidence to make out the tort of intentional interference with contractual relations, the trial court employed an incorrect legal standard as to the element of specific intent. Because appellant neither requested a specific instruction on the element of intent to bring about Broxie's dismissal from his job, nor took a specific exception to the charge as given on this point, we hold that appellant has waived its right to appellate review of the trial court's denial of its motion for judgment n. o. v.[6]

6. Appellant also argues that the Superior Court erred in holding the doctrine of basic and fundamental error inapplicable to an appeal from a trial court's denial of a motion for judgment n. o. v. Specifically, appellant contends that the rationale set forth in *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974), a case involving the denial of a motion for a new trial, should not be applied where a party is seeking a judgment n. o. v. This is so, it is argued, (1) because in the case of an appeal from the denial of a motion for judgment n. o. v. an appellate court can correct a trial court's error without requiring further judicial proceedings; and (2) because by limiting the doctrine to cases capable of being finally decided on appeal, the concern expressed in *Dilliplaine* over the difficulty of applying the doctrine

Household makes the further claim that, even assuming the trial court's charge on the element of specific intent was correct, appellant is still entitled to a judgment n. o. v. since there was no competent, credible evidence legally sufficient to sustain the verdict; that is, there was no evidence that Household knew or should have known that Broxie's dismissal was certain or substantially certain to flow from its actions in contacting Broxie's employer.[7] Since Household has complied with all the procedural prerequisites for a judgment n. o. v.,[8] we agree that it is entitled to appellate review of this issue.

■■ It is well-settled that "[i]n considering a motion for judgment n. o. v., the evidence must be considered in the light most favorable to the verdict winner, and he must be given the benefit of every reasonable inference of fact arising therefrom, and any conflict in the evidence must be resolved in his favor." *Metts v. Griglak,* 438 Pa. 392, 395, 264 A.2d 684, 686 (1970) (citations omitted). Moreover, "a judgment n. o. v. will be entered only in a clear case, and . . . any doubts will be resolved in favor of the verdict." *Stewart v. Chernicky,* 439 Pa. 43, 53, 266 A.2d 259, 265 (1970) (citations omitted). Viewing the evidence presented at trial in light of this standard of review, we are satisfied that there was sufficient evidence upon which the jury could conclude that Household knew or should have known that

in a principled fashion would be obviated. Recognizing that there is some merit to appellant's first point, we nevertheless do not believe that application of the doctrine of basic and fundamental error would be any easier in appeals from denials of judgments n. o. v. than in appeals from denials of new trials; we must therefore reject the suggestion that we reinstitute the doctrine on even a limited basis.

7. There is no need for us on this appeal to express any opinion as to the correctness of the court's charge to the jury or of that part of its opinion in support of denial of post-trial motions which dealt with the element of specific intent, and we do not do so.

8. *See* note 5, *supra.*

its conduct was certain or substantially certain to result in Broxie's discharge from his job with the Post Office.

Order of the Superior Court affirmed.

JONES, former C. J., did not participate in the decision of this case.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice, dissenting.

Provision is made by statute, Act of June 3, 1971, PL 124, No. 6, § 1 (§ 509(a)(46) (12 PS § 681), that whenever a party has requested binding instructions on an issue, and that request has been reserved or declined by the court, the party presenting the point may, if certain procedural requirements are complied with, move for judgment *non obstante veredicto* upon the whole record. It then becomes the duty of the court, if it does not grant a new trial, to certify the evidence, and to enter such judgment as should have been entered on that evidence. The party against whom the judgment is rendered may then appeal.

In the instant case, appellant properly submitted a request for binding instructions at the close of appellee's (plaintiff's) presentation of the evidence. After the jury verdict was announced, appellant moved for judgment n. o. v. The controlling question to be determined by the court in such a situation is whether the request for binding instruction should have been given either at the time it was submitted (at the close of plaintiff's case) or at the close of the trial. *F. W. Wise Gas Co. v. Beech Creek R. Co.*, 437 Pa. 389, 263 A.2d 313 (1970). If binding instructions should have been given, entry of judgment n. o. v. is proper. In effect, the entry of the judgment n. o. v. is to correct the court's error in allowing a certain question to go to the jury.

The purpose of providing for the entry of a judgment n. o. v. is to give the court an opportunity for more delib-

erate review and consideration of the law applicable to the facts than ordinarily can be had at trial. For this reason, the request for binding instructions must be submitted in writing in order to preserve the right to have a judgment n. o. v. entered. See *Dora v. Dora,* 392 Pa. 433, 141 A.2d 587 (1958). The court is then obligated to pass on the propriety of the request for binding instructions, and in doing so, has an obligation to apply the "correct" law, as that law is determined to be at the time of the court's deliberations in the matter for judgment n. o. v. Concluding as the majority does, that a party waives the right to have the "correct" law applied to the motion for judgment n. o. v. by failing to object to an erroneous jury instruction, ignores the purpose for allowing motions for judgment n. o. v. (to afford the court an opportunity to consider the question more fully than is possible at trial). I therefore dissent.

Appellant's actions in this case fully complied with the statutory conditions required before a motion for judgment n. o. v. may be considered. The motion for judgment n. o. v. was considered by the court en banc, and denied on its merits. Appellant, having done everything required of it by the statute, is entitled to appellate review of the merits of its motion for judgment n. o. v. We should therefore vacate the order of the Superior Court and remand the case to the Superior Court for consideration of the merits of appellant's motion for judgment n. o. v.

I would also like to express my view that if I were to reach the merits of appellant's motion for judgment n. o. v., I would hold that the trial court's denial of that motion was proper because appellee presented sufficient facts to create a jury question as to whether appellant *negligently* caused the alleged harm to appellee. Since I

believe that the proper legal standard to apply in a case such as this would allow recovery if plaintiff had shown either that defendant knew *or* that defendant should have known that its actions were substantially certain to result in plaintiff's discharge.