Harold Atherholt and Mary Atherholt, his wife, and Gary G. Atherholt and Judith G. Atherholt, his wife, Appellants *v*. Interstate Energy Company, Appellee.

Argued April 6, 1978, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*C. Stephens Vondercrone,* with him *Edward J. Hardiman,* for appellants.

*Frederick E. Smith,* with him *Smith and Toner,* for appellee.

OPINION BY JUDGE ROGERS, May 15, 1978:

The appellants, Harold Atherholt and Mary, his wife, and Gary Atherholt and Judith, his wife, own a 73.11 acre farm in Springfield Township, Bucks County. The appellee, Interstate Energy Company, condemned a pipeline easement (30 feet wide permanently and 20 feet additional during construction) over a part of the Atherholt property. A Board of Viewers awarded the Atherholts damages in the amount of $6,500. The Atherholts appealed and after trial a jury awarded them $46,500. Interstate filed a motion for new trial which the court below granted, and it is this action which the Atherholts have appealed. The court below held that the trial judge erred in admitting valuation opinion evidence of Atherholts' expert, after the witness had testified that he considered that the highest and best use was "in the future a potential to develop it, meantime using it for agricultural use." We agree that this was error and will affirm.

Section 601 of the Eminent Domain Code (Code), Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended,* 26 P.S. §1-601, entitled a condemnee to "just compensation for the taking, injury or destruction of his property." Just compensation is defined in Section 602 of the Code, 26 P.S. §1-602 as "the difference between the fair market value of the condemnee's entire property interest *immediately* before the condemna-

tion and as unaffected thereby and the fair market value of his property interest remaining *immediately* after such condemnation and as affected thereby. . . ." (Emphasis supplied.) Section 603 of the Code, 26 P.S. §1-603 defines fair market value as:

[T]he price which would be agreed to by a willing and informed seller and buyer, taking into consideration, but not limited to, the following factors:

(1) The present use of the property and its value for such use.

(2) The highest and best *reasonably available* use of the property and its value for such use.

(3) The machinery, equipment and fixtures forming part of the real estate taken.

(4) Other factors as to which evidence may be offered as provided by Article VII. (Emphasis supplied.)

It is now well settled that evidence of use as a consideration in establishing value is not to be limited to the use currently made of the property. However, the condemnee who proposes the consideration of a use other than the present as justifying an enhancement of value must establish that the property is physically adaptable to such other use *and* that there is a need for such use in the area. *Shillito v. Metropolitan Edison Co.*, 434 Pa. 172, 252 A.2d 650 (1969).

And the manner of establishing this need is by demonstrating that a demand for it exists in the public market *at the time the condemnation occurred.* The bald assertion by the condemnee or his witnesses is not enough. Such a demand must be established by competent proof. (Emphasis supplied.)

*Shillito, supra* at 174, 252 A.2d at 651.

In the words of Section 603 of the Code the use other than that for which the property is actually used must be one which is "reasonably available;" that is, not remotely, not speculatively, but presently available.

As we have noted, the Atherholts' expert witness was permitted to testify that the highest and best use of the property was, *inter alia,* for future potential residential subdivision.[1] A future potential is not a presently available use.

Atherholts' expert witness testified that his conclusion as to the further potential of the property was based on a conversation with the township zoning officer in which he learned that more building permits had been issued in Springfield Township from January 1 to May 24 of 1974 than in any other previous twelve month period. The witness did not know how many permits were actually issued during either of the periods mentioned, and he did not know the location of the lots for which these permits were granted. This obviously provided no efficient basis for the conclusion even of a future potential use.

There is no merit in the Atherholts' additional contention that the court below erred in considering the insufficiency of their expert's testimony as to the highest and best use as a reason for granting the new trial because Interstate had not specifically excepted to the charge to the jury. This is not the case. Interstate in fact had a specific exception on this point by virtue of the trial court's specific refusal to affirm Interstate's point for charge requesting the court to charge the jury to disregard Atherholts' witness's testimony. Pa. R.C.P. No. 227(a):

---

[1] The witness testified also that seven residential lots could be sold along a public road. Interstate makes no complaint on this score.

(a) It shall not be necessary on the trial of any action or proceeding to take exception to any ruling of the trial judge. An exception in favor of the party against whom the adverse ruling was made shall be deemed to have been taken with the same force and effect as if it had been requested, noted by the official stenographer and thereafter written out, signed and sealed by the trial judge.

*See also Broxie v. Household Finance Co.,* 472 Pa. 373, 377, 372 A.2d 741, 743 (1977), where Justice POMEROY writes: "It has long been the law in this Commonwealth that in order to preserve for appellate review an issue concerning the correctness of a trial court's charge to the jury, the complaining party must submit a specific point for charge or make a timely, specific objection to the charge as given. . . ."

### ORDER

AND NOW, this 15th day of May, 1978, the order of the Bucks County Court of Common Pleas dated October 15, 1976, granting a new trial to Interstate Energy Company, is hereby affirmed.