**[J-68-2017] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

HELEN JONES, : No. 12 WAP 2017
:
Appellant : Appeal from the Order of Superior
: Court entered September 27, 2016 at
: No. 930 WDA 2015, affirming the
v. : Order of the Court of Common Pleas
: of Cambria County entered May 27,
: 2015 at No. 2010-2490.
RON OTT AND/OR EASTERN :
ELEVATOR SERVICE AND SALES : ARGUED: October 17, 2017
COMPANY, :
:
Appellees :

## DISSENTING OPINION

**JUSTICE MUNDY**             **DECIDED: AUGUST 21, 2018**

Under the plain text of Pennsylvania Rule of Civil Procedure 227.1, a challenge to a jury instruction is preserved as long as the challenging party has filed a proposed point for charge and a post-sentence motion. The trial court is not required to rule on proposed points for charge on the record, nor is an additional on-the-record objection to an omitted charge required. Further, if proposed points for charge have been filed prior to trial, a party is not required to make an on the record objection, even if the trial court inquires generally if there are any further objections to the charge given. For these reasons, I dissent.

The Rules of Civil Procedure direct that "[e]very rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

Pa.R.C.P. 127(b). Rule 227(b) states, "Unless specially allowed by the court, all exceptions to the charge to the jury shall be taken before the jury retires. On request of any party all such exceptions and arguments thereon shall be made out of hearing of the jury." Pa.R.C.P. 227(b). Rule 227.1 states the following:

**Rule 227.1. Post-Trial Relief**

. . .

(b) Except as otherwise provided by Pa.R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial[.]

Pa.R.C.P. 227.1(b). As the Rule explicitly states, "post-trial relief may not be granted unless the grounds . . . were raised . . . by . . . point for charge[.]" *Id.* Despite the Rule being framed in terms of when post-trial relief is not available, it unambiguously states one method of issue preservation is the filing of a point for charge. Importantly, preservation by "point for charge" is included in the list directly after "objection." If the intent of the Rule was to require an objection despite the filing of a point for charge, both would not be listed as equally viable options for preservation. Because the language is clear and free from all ambiguity that a challenge may be raised by either an objection or a point for charge, it was not necessary for preservation to do both. A finding of waiver is unacceptable where Appellant adhered to the express requirements for preservation of error pursuant to the Pennsylvania Rules of Civil Procedure.

It is also necessary to reconcile Rule 227.1 with Pennsylvania Rule of Appellate Procedure 302(b), which states the following:

**Rule 302. Requisites for Reviewable Issue**

**(a) General rule.** Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.

**(b) Charge to jury.** A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of.

> *Note:* This rule sets forth a frequently overlooked requirement. See, e.g., *Commonwealth v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974), as to Subdivision (a). See, e.g., *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974); *Commonwealth v. Light*, 458 Pa. 328, 326 A.2d 288 (1974) as to Subdivision (b).

Pa.R.A.P. 302.[1]

The issue of preservation of a challenge to a jury instruction has developed over time in this Commonwealth. Previously, absent the filing of a proposed point for charge or an on the record objection, an issue could be deemed preserved if the trial court had made a fundamental error. *See Lobalzo v. Varoli*, 220 A.2d 634, 635 (Pa. 1966). Ultimately, this rule was unworkable and this Court in *Dilliplaine* explicitly held that fundamental error will not preserve a challenge to a jury instruction, and that a specific exception must be taken.

However, the Court in *Dilliplaine* did not say the submission of a proposed point for charge would not satisfy as a specific exception. On the contrary, it acknowledged that no proposed point for charge was submitted to the trial court requesting the due care instruction be given using the language subsequently requested on appeal and no objection to the charge was made. The submission of a proposed point for charge as a

---

[1] Of central importance to this case is the concession at the beginning in *Dilliplaine* that the appellant "frankly concedes that he neither offered a point for charge nor took specific exception to the due care instruction actually given. In his motion for a new trial and again on appeal, he argued that in giving the presumption of due care instruction the trial judge committed basic and fundamental error." *Dilliplaine*, 322 A.2d at 115.

means of preserving a challenge to a jury instruction is not at odds with our holding in *Dilliplaine*.

Nor is it at odds with Rule 227(b) which states that an objection to the trial court's jury instructions must be made before the jury retires. There is a difference in degree and kind between: (a) actual proposed points for charge that a party wants the trial court to give; and (b) errors that the trial court makes in its actual instructions to the jury. It is logical that a mistake in the actual jury instructions requires a contemporaneous objection like any other trial court error, because this can only arise once the parties hear the final instructions as given to the jury. Indeed, there are numerous bases on which a party would need to place an objection to the trial court's instructions on the record. However, it would be superfluous to require a party to place an objection on the record to the omission of an instruction the trial court has previously ruled, whether expressly on the record or not, that it will not be including.

The Superior Court's holding in *Meyer v. Union Railroad Co.*, 865 A.2d 857 (Pa. Super. 2004), was grounded in the principles discussed herein, and correctly held that the filing of a proposed point for charge, coupled with a post-trial motion challenging the omission of a requested proposed point for charge, preserves a challenge to the omitted instructions for purposes of appellate review. In *Meyer*, the defendant raised an identical claim to Petitioner's in the instant matter, arguing that "because it requested the point for charge during the charg[ing] conference and raised the issue in its post-trial motion, the issue was preserved despite its failure to make a specific objection following the charge." *Meyer*, 865 A.2d at 861. The *Meyer* Court held, "[a]lthough the general principle reiterated in *Bezerra [v. National Railroad Passenger Corp.,* 760 A.2d 56 (Pa. Super. 2000),] applies to bar appellate review where a trial counsel fails to object to a trial court instruction specifically, it does not extend to situations where, as here, a party previously submitted

a proposed point for charge and, in a post-trial motion, raised the trial court's refusal to give the charge." *Meyer*, 865 A.2d at 861. Notably, in *Meyer*, the court did not rely on the record of the charging conference as the Majority asserts it did, but in reaching its decision, found the issue was preserved absent an express objection on the record.

In *Commonwealth v. Pressley*, 887 A.2d 220 (Pa. 2005), this Court noted that in the criminal context, "Criminal Procedural Rule 647(B) states that, to preserve an issue as to a portion of a charge, a party must make a specific objection before the jury retires to deliberate[.]" *Id.* at 222. Nevertheless, we cautioned

> Our holding does not address the essential procedure for preserving a claim of error relative to a court's charge in the civil context. Notably, the governing rules in that arena are framed differently; for example, a specific objection requirement is not included in the rule addressing points for charge, *see* Pa.R.C.P. No. 226(a), and the rule eliminating the need for exceptions is not as explicit as its criminal counterpart in excluding jury instruction issues. *See* Pa.R.C.P. No. 227(b). Furthermore, a number of decisions have indicated that the submission of a point for charge is sufficient to preserve a civil instruction issue. *See, e.g., Broxie v. Household Fin. Co.,* 372 A.2d 741, 743 ([Pa.] 1977).

*Id.* at 225 n.10 (parallel citation omitted).[2]

---

[2] In *Broxie*, this Court held that the appellant waived a challenge to the trial court's jury instructions by failing to object to the instruction given or file a specific point for charge. *Broxie*, 372 A.2d at 743. Similar to *Dilliplaine*, the appellant's failure to request the jury instruction be included distinguishes the *Broxie* Court's holding. Nevertheless, without specifically stating so, the *Broxie* Court suggested that if the appellant had filed a specific point for charge with the trial court, the issue might have been preserved.

> It has long been the law in this Commonwealth that in order to preserve for appellate review an issue concerning the correctness of a trial court's charge to the jury, **the complaining party must submit a specific point for charge or** make a timely, specific objection to the charge as given. The only exception to this general rule was where a trial court's charge involved basic and fundamental error, but this exception was formally abrogated in *Dilliplaine v. Lehigh*

For the foregoing reasons, I would conclude that Appellant preserved her challenge to the trial court's failure to include certain jury instructions in its charge by including the instructions in her proposed points for charge filed with the prothonotary, and by filing a timely post-trial motion noting her objection.  The plain text of the Rules of Civil Procedure discussed herein is unambiguous and does not support adding additional requirements as expressed by the Majority.  *See* Majority Op. at 2 (finding fault that "[n]either the trial court nor the parties arranged for a court stenographer to transcribe the conference, and the trial court did not issue a ruling upon the parties' proposed instructions.").  The rules as currently drafted provide for two essential steps to ensure issue preservation, (1) the issue was "raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial[,]" and (2) the filing of a post-trial motion.  Pa.R.C.P. 227.1(b).  In the instant matter, Appellant complied with the rules and was nevertheless penalized by a finding of waiver.  Accordingly, I dissent.

Justice Donohue joins this dissenting opinion.

---

*Valley Trust Co.*, 322 A.2d 114 (1974). See also *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Thus there can be no doubt, and appellant apparently concedes, that its failure to object to the trial court's charge concerning specific intent precludes it from assigning, on appeal, error in that charge as a reason for the grant of a new trial.

*Id.* (some citations omitted; emphasis added).