**[J-68-2017] [MO: Wecht, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| HELEN JONES, | : | No. 12 WAP 2017 |
| | : | |
| Appellant | : | Appeal from the Order of Superior |
| | : | Court entered September 27, 2016 at |
| | : | No. 930 WDA 2015, affirming the |
| v. | : | Order of the Court of Common Pleas |
| | : | of Cambria County entered May 27, |
| | : | 2015 at No. 2010-2490. |
| RON OTT AND/OR EASTERN | : | |
| ELEVATOR SERVICE AND SALES | : | ARGUED: October 17, 2017 |
| COMPANY, | : | |
| | : | |
| Appellees | : | |

**DISSENTING OPINION**

**JUSTICE DOUGHERTY**                    **DECIDED: AUGUST 21, 2018**

I respectfully dissent. The learned majority's holding subjects appellant to the harsh penalty of waiver for failing to meet a previously unrecognized and unarticulated prerequisite to place specific objections to proposed points of charge on a transcribed record. In my view, appellant adhered to the explicit requirements of our Rules of Civil Procedure, and nothing more was required of her to preserve her claim.

The question we accepted for review focuses on Rules of Civil Procedure 226 and 227.1 pertaining to preservation of challenges to jury instructions. "When interpreting the language of our rules of civil procedure, we are guided by the fundamental precepts set forth in Pa.R.C.P. 127." *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 73 (Pa. 2014). Rule 127 provides, in pertinent part, as follows:

> **Rule 127. Construction of Rules. Intent of Supreme Court Controls**

(a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

\*          \*          \*

Pa.R.C.P. 127(a), (b).

Pursuant to this directive, our analysis should begin with an examination of the language of Rule 227.1(b), which provides in pertinent part:

**Rule 227.1 Post-Trial Relief**

\*          \*          \*

(b) Except as otherwise provided by Pa.R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,

(1) If then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

\*          \*          \*

(2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

Pa.R.C.P. 227.1(b).[1]

---

[1] The 1983 Explanatory Comments to Rule 227.1 provide additional insight and guidance.

Subdivision (b) states two requirements for the granting of post-trial relief. First, the grounds for the relief requested must have been

In addition, Rule 226(a) provides the requirements for proposing points for charge and creating a record.

**Rule 226. Points for Charge.  Motion for Directed Verdict**

(a) Points upon which the trial judge is requested to charge the jury shall be so framed that each may be completely answered by a simple affirmation or negation.  Attorneys shall hand copies of requested points for charge to the trial judge and to the opposing attorneys before the closing addresses to the jury are begun.  A requested point for charge that was presented to the trial judge becomes part of the record when the point is read into the record, or filed in the office of the prothonotary prior to filing a motion for post-trial relief regarding the requested point for charge.

> *Note:*  An appellate court will not review an objection to a ruling of a trial court regarding a point for charge unless the point for charge was (1) presented to the court and (2) made part of the record by ***either*** reading the point into the record ***or filing it in the office of the prothonotary*** prior to filing a motion for post-trial relief.

Pa.R.C.P. 226(a) (emphasis added).

Rule 226 unambiguously provides a proposed point of charge is made part of the record when it is "filed in the office of the prothonotary."  Additionally, Rule 227.1(b)(1) provides post-trial relief is permitted if the grounds for such relief were raised in "pre-trial proceedings ***or*** by motion, objection, point for charge . . . ."  Significantly, the plain

raised in pre-trial proceedings or at trial and, second, they must be stated in the motion.

Subdivision (b)(1) incorporates into the rule the principle of *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974), that basic and fundamental error is not a ground for a new trial in the absence of a timely objection at tht trial.  The rule extends the principle to all post-trial relief.  A ground for a new trial or a judgment notwithstanding the verdict may not be raised for the first time in the Motion for Post-Trial Relief.  It must be raised timely in pre-trial proceedings or during the trial, thus affording the court the opportunity to correct the error.

language of Rules 226 and 227.1 specifies the means of preserving grounds for post-trial relief in the disjunctive, thereby unquestionably denoting several, distinct methods to preserve issues for appellate review. In this case, appellant preserved a challenge to the trial court's jury instructions by submitting requested points for charge to the trial court, filing the requested points for charge with the prothonotary,[2] and then filing a post-trial motion. *See* Pa.R.C.P. 226 (requested point for charge becomes part of record when read into record *or* filed in office of prothonotary); 227.1(b)(1) (manner of preserving error on post-trial motion includes raising in point for charge and specifying in motion).

As the procedure followed by appellant in this case is expressly authorized by our rules as sufficient to preserve error for post-trial and appellate review, I therefore must disagree with the majority's finding of waiver. Contrary to the majority's pronouncement, in my view, there is no support for the holding that a lack of a formal objection on a court transcript results in exclusion of the points for charge from the trial court record, and thus rendering them unavailable for post-trial or appellate review. Respectfully, I find the majority's reliance upon *Brancato v. Kroger Co., Inc.,* 458 A.2d 1377 (Pa. Super. 1983), and *Meyer v. Union R.R. Co.*, 865 A.2d 857 (Pa. Super. 2004), for this proposition to be misplaced. *See* Majority Opinion, slip op. at 13.

Specifically, Brancato submitted twelve hand-written points for charge, four of which (#1, #3, #6 and #7) were denied and not presented to the jury. Brancato's trial counsel, however, only took exception to the trial court's failure to read point for charge #2 to the jury. *Brancato*, 458 A.2d at 1379-80. Brancato then challenged the trial court's denial of points for charge #1, #3, #6 and #7 via post-trial motions. *Id.* at 1380. In response to the post-trial motions and appeal, opposing counsel challenged whether

---

[2] The Cambria County common pleas docket reflects appellant filed her requested points for charge with the prothonotary on April 20, 2015.

Brancato preserved the points for charge as they were not raised or challenged at the time of trial. *Id.* In finding Brancato did not waive the appellate challenge to points for charge #1, #3, #6 and #7, the Superior Court specifically noted "[i]t has long been the law in this Commonwealth that **in order to preserve for appellate review an issue concerning the correctness of a trial court's charge to the jury, the complaining party must submit a specific point for charge** or make a timely, specific objection to the charge as given." *Id.*, *quoting Broxie v. Household Finance Co*, 372 A.2d 741 (Pa. 1977) (emphasis in original).

Similarly, in *Meyer*, the trial court found the Union Railroad Company, waived a challenge to the denial of a jury instruction when it failed to raise a specific objection to the charge that was read to the jury. In reversing the trial court's finding of waiver, the Superior Court noted "[a]lthough the general principle . . . applies to bar appellate review where a trial counsel fails to object to a trial court instruction specifically, it does not extend to situations where, as here, a party previously submitted a proposed point for charge and, in a post-trial motion, raised the trial court's refusal to give the charge." *Meyer*, 865 A.2d at 861, *citing Brancato*, 458 A.2d 1377.

Contrary to the majority's use of them, these decisions, together with the express provisions of the relevant rules, make crystal clear a requested point for charge is "made part of the record by *either* reading the point into the record *or* filing it in the office of the prothonotary . . ." Pa.R.C.P 226(a), note (emphasis added). It is undisputed that appellant filed the proposed point for charge with the prothonotary, which clearly sufficed to make a record and preserve the issue for appellate review. Despite these explicit instructions in the rules and echoed in relevant case law, the majority now imposes brand new burdens on litigants, including requesting transcripts be made at the charging conference, placing formal objections on the record, and/or "obtain[ing] an explicit trial

court ruling upon the challenged instruction" to preserve error which is already preserved by the submission and filing of those points. Majority Opinion, slip op. at 11. The majority thus announces a new rule where the specific objection to the charge is not an **alternate** method of preservation, but the **mandatory** method of preservation. Counsel's failure to predict this new requirement has resulted in waiver, and is especially egregious here where counsel satisfied the rules' express requirements

In my view, if a specific contemporaneous objection to a jury charge is necessary to preserve error, such a requirement should be expressly reflected in the civil rules, as it is in the criminal context. *See* Pa.R.Crim.P. 647(C) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. . . ."). We may not ignore the fact that the Civil Rules do not include a corresponding provision expressing the requirement, and simply import it from the criminal context into the civil sphere. Rule amendments should not be accomplished in an *ad hoc* manner through common law channels.[3] In this respect, I share Chief Justice Saylor's concerns that, if a new requirement to preserve challenges to a jury charge is to be applied, at a minimum, such additional requirement should be "interpose[d] . . . on a prospective basis only." *See* Concurring Opinion (Saylor, C.J.) slip op. at 2.

Finally, I recognize the benefit of an objection on the record to permit the lower court to correct error and to aid in appellate review, *see, e.g.,* Majority Opinion slip op. at 15 n.12. However, we cannot ignore that appellant followed the rules by filing post-trial motions and thus engaged in a proper alternative practice. The rules are obviously intended to provide the trial court with the opportunity to correct any error and explain its

---

[3] Indeed, amendments to our civil rules are most properly promulgated via formal recommendations from the Civil Procedural Rules Committee, which is designed to study such matters and solicit input from the bench and bar where appropriate.

reasoning. *See Newman Dev. Group of Pottstown, LLC v. Genuardi's Family Mkts. Inc.*, 52 A.3d 1233, 1248 & n.7 (Pa. 2012), *citing Chalkey v. Roush*, 805 A.2d 491, 494, n.9 (Pa. 2002) (purpose of Rule 227.1 "is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review."). Accordingly, in my view, the concerns raised by the majority in this respect are resolved in existing post-trial motion practice.[4]

Justice Donohue joins this dissenting opinion.

---

[4] Similarly, I recognize the force in the majority's view that "the best practice is to ensure the charge conference is transcribed." *see* Majority Opinion slip op. at 15 n.12. However, the decision to transcribe the charging conference is often the trial court's to make. I cannot agree that circumstances outside the parties' control should carry the severe consequence of waiver.