JUSTICE DOUGHERTY, dissenting
I respectfully dissent. The learned majority's holding subjects appellant to the harsh penalty of waiver for failing to meet a previously unrecognized and unarticulated prerequisite to place specific objections to proposed points of charge on a transcribed record. In my view, appellant adhered to the explicit requirements of our Rules of Civil Procedure, and nothing more was required of her to preserve her claim.
The question we accepted for review focuses on Rules of Civil Procedure 226 and 227.1 pertaining to preservation of challenges to jury instructions. "When interpreting the language of our rules of civil procedure, we are guided by the fundamental precepts set forth in Pa.R.C.P. 127." Bruno v. Erie Ins. Co. , 630 Pa. 79, 106 A.3d 48, 73 (2014). Rule 127 provides, in pertinent part, as follows:
Rule 127. Construction of Rules. Intent of Supreme Court Controls
(a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.
(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.
* * *
Pa.R.C.P. 127(a), (b).
Pursuant to this directive, our analysis should begin with an examination of the language of Rule 227.1(b), which provides in pertinent part:
Rule 227.1 Post-Trial Relief
* * *
(b) Except as otherwise provided by Pa.R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,
(1) If then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and
* * *
(2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted *794 upon cause shown to specify additional grounds.
Pa.R.C.P. 227.1(b).[1]
In addition, Rule 226(a) provides the requirements for proposing points for charge and creating a record.
Rule 226. Points for Charge. Motion for Directed Verdict
(a) Points upon which the trial judge is requested to charge the jury shall be so framed that each may be completely answered by a simple affirmation or negation. Attorneys shall hand copies of requested points for charge to the trial judge and to the opposing attorneys before the closing addresses to the jury are begun. A requested point for charge that was presented to the trial judge becomes part of the record when the point is read into the record, or filed in the office of the prothonotary prior to filing a motion for post-trial relief regarding the requested point for charge.
Note: An appellate court will not review an objection to a ruling of a trial court regarding a point for charge unless the point for charge was (1) presented to the court and (2) made part of the record by either reading the point into the record or filing it in the office of the prothonotary prior to filing a motion for post-trial relief.
Pa.R.C.P. 226(a) (emphasis added).
Rule 226 unambiguously provides a proposed point of charge is made part of the record when it is "filed in the office of the prothonotary." Additionally, Rule 227.1(b)(1) provides post-trial relief is permitted if the grounds for such relief were raised in "pre-trial proceedings or by motion, objection, point for charge ...." Significantly, the plain language of Rules 226 and 227.1 specifies the means of preserving grounds for post-trial relief in the disjunctive, thereby unquestionably denoting several, distinct methods to preserve issues for appellate review. In this case, appellant preserved a challenge to the trial court's jury instructions by submitting requested points for charge to the trial court, filing the requested points for charge with the prothonotary,[2] and then filing a post-trial motion. See Pa.R.C.P. 226 (requested point for charge becomes part of record when read into record or filed in office of prothonotary); 227.1(b)(1) (manner of preserving error on post-trial motion includes raising in point for charge and specifying in motion).
As the procedure followed by appellant in this case is expressly authorized by our rules as sufficient to preserve error for post-trial and appellate review, I therefore must disagree with the majority's finding *795 of waiver. Contrary to the majority's pronouncement, in my view, there is no support for the holding that a lack of a formal objection on a court transcript results in exclusion of the points for charge from the trial court record, and thus rendering them unavailable for post-trial or appellate review. Respectfully, I find the majority's reliance upon Brancato v. Kroger Co., Inc., 312 Pa.Super. 448, 458 A.2d 1377 (1983), and Meyer v. Union R.R. Co. , 865 A.2d 857 (Pa. Super. 2004), for this proposition to be misplaced. See Majority Op. at 790.
Specifically, Brancato submitted twelve hand-written points for charge, four of which (# 1, # 3, # 6 and # 7) were denied and not presented to the jury. Brancato's trial counsel, however, only took exception to the trial court's failure to read point for charge # 2 to the jury. Brancato , 458 A.2d at 1379-80. Brancato then challenged the trial court's denial of points for charge # 1, # 3, # 6 and # 7 via post-trial motions. Id. at 1380. In response to the post-trial motions and appeal, opposing counsel challenged whether Brancato preserved the points for charge as they were not raised or challenged at the time of trial. Id. In finding Brancato did not waive the appellate challenge to points for charge # 1, # 3, # 6 and # 7, the Superior Court specifically noted "[i]t has long been the law in this Commonwealth that in order to preserve for appellate review an issue concerning the correctness of a trial court's charge to the jury, the complaining party must submit a specific point for charge or make a timely, specific objection to the charge as given." Id. , quoting Broxie v. Household Finance Co , 472 Pa. 373, 372 A.2d 741 (1977) (emphasis in original).
Similarly, in Meyer , the trial court found the Union Railroad Company, waived a challenge to the denial of a jury instruction when it failed to raise a specific objection to the charge that was read to the jury. In reversing the trial court's finding of waiver, the Superior Court noted "[a]lthough the general principle ... applies to bar appellate review where a trial counsel fails to object to a trial court instruction specifically, it does not extend to situations where, as here, a party previously submitted a proposed point for charge and, in a post-trial motion, raised the trial court's refusal to give the charge." Meyer , 865 A.2d at 861, citing Brancato , 458 A.2d at 1377.
Contrary to the majority's use of them, these decisions, together with the express provisions of the relevant rules, make crystal clear a requested point for charge is "made part of the record by either reading the point into the record or filing it in the office of the prothonotary ..." Pa.R.C.P 226(a), note (emphasis added). It is undisputed that appellant filed the proposed point for charge with the prothonotary, which clearly sufficed to make a record and preserve the issue for appellate review. Despite these explicit instructions in the rules and echoed in relevant case law, the majority now imposes brand new burdens on litigants, including requesting transcripts be made at the charging conference, placing formal objections on the record, and/or "obtain[ing] an explicit trial court ruling upon the challenged instruction" to preserve error which is already preserved by the submission and filing of those points. Majority Op. at 788-89. The majority thus announces a new rule where the specific objection to the charge is not an alternate method of preservation, but the mandatory method of preservation. Counsel's failure to predict this new requirement has resulted in waiver, and is especially egregious here where counsel satisfied the rules' express requirements
In my view, if a specific contemporaneous objection to a jury charge is necessary *796 to preserve error, such a requirement should be expressly reflected in the civil rules, as it is in the criminal context. See Pa.R.Crim.P. 647(C) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate...."). We may not ignore the fact that the Civil Rules do not include a corresponding provision expressing the requirement, and simply import it from the criminal context into the civil sphere. Rule amendments should not be accomplished in an ad hoc manner through common law channels.[3] In this respect, I share Chief Justice Saylor's concerns that, if a new requirement to preserve challenges to a jury charge is to be applied, at a minimum, such additional requirement should be "interpose[d] ... on a prospective basis only." See Concurring Opinion (Saylor, C.J.) Op. at 793.
Finally, I recognize the benefit of an objection on the record to permit the lower court to correct error and to aid in appellate review, see, e.g., Majority Op. at 791 n.12. However, we cannot ignore that appellant followed the rules by filing post-trial motions and thus engaged in a proper alternative practice. The rules are obviously intended to provide the trial court with the opportunity to correct any error and explain its reasoning. See Newman Dev. Group of Pottstown, LLC v. Genuardi's Family Mkts. Inc. , 617 Pa. 265, 52 A.3d 1233, 1248 & n.7 (2012), citing Chalkey v. Roush , 569 Pa. 462, 805 A.2d 491, 494, n.9 (2002) (purpose of Rule 227.1"is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review."). Accordingly, in my view, the concerns raised by the majority in this respect are resolved in existing post-trial motion practice.[4]
Justice Donohue joins this dissenting opinion.

Of central importance to this case is the concession at the beginning in Dilliplaine that the appellant "frankly concedes that he neither offered a point for charge nor took specific exception to the due care instruction actually given. In his motion for a new trial and again on appeal, he argued that in giving the presumption of due care instruction the trial judge committed basic and fundamental error." Dilliplaine , 322 A.2d at 115.

In Broxie , this Court held that the appellant waived a challenge to the trial court's jury instructions by failing to object to the instruction given or file a specific point for charge. Broxie , 372 A.2d at 743. Similar to Dilliplaine , the appellant's failure to request the jury instruction be included distinguishes the Broxie Court's holding. Nevertheless, without specifically stating so, the Broxie Court suggested that if the appellant had filed a specific point for charge with the trial court, the issue might have been preserved.
It has long been the law in this Commonwealth that in order to preserve for appellate review an issue concerning the correctness of a trial court's charge to the jury, the complaining party must submit a specific point for charge or make a timely, specific objection to the charge as given. The only exception to this general rule was where a trial court's charge involved basic and fundamental error, but this exception was formally abrogated in Dilliplaine v. Lehigh Valley Trust Co. , 457 Pa. 255, 322 A.2d 114 (1974). See also Commonwealth v. Clair , 458 Pa. 418, 326 A.2d 272 (1974). Thus there can be no doubt, and appellant apparently concedes, that its failure to object to the trial court's charge concerning specific intent precludes it from assigning, on appeal, error in that charge as a reason for the grant of a new trial.
Id. (some citations omitted; emphasis added).

Indeed, amendments to our civil rules are most properly promulgated via formal recommendations from the Civil Procedural Rules Committee, which is designed to study such matters and solicit input from the bench and bar where appropriate.

Similarly, I recognize the force in the majority's view that "the best practice is to ensure the charge conference is transcribed." see Majority Op. at 791 n.12. However, the decision to transcribe the charging conference is often the trial court's to make. I cannot agree that circumstances outside the parties' control should carry the severe consequence of waiver.