**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| HELEN JONES, | : | No. 12 WAP 2017 |
| | : | |
| Appellant | : | Appeal from the Order of Superior |
| | : | Court entered September 27, 2016 at |
| | : | No. 930 WDA 2015, affirming the |
| v. | : | Order of the Court of Common Pleas |
| | : | of Cambria County entered May 27, |
| | : | 2015 at No. 2010-2490. |
| RON OTT AND/OR EASTERN | : | |
| ELEVATOR SERVICE AND SALES | : | ARGUED: October 17, 2017 |
| COMPANY, | : | |
| | : | |
| Appellees | : | |

*Justice Wecht delivers the Opinion of the Court with respect to Parts I and II(b) and announces the Judgment of the Court. Justices Baer and Todd join the opinion in full, and Chief Justice Saylor joins Parts I and II(b).*

**OPINION**

**JUSTICE WECHT**[1]                    **DECIDED: AUGUST 21, 2018**

We granted review in this case in order to clarify the methods by which one may preserve a challenge to a trial court's jury instructions in accordance with Pennsylvania Rule of Civil Procedure 227.1.[2]

---

[1]    This matter was reassigned to this author.

[2]    Rule 227.1(b) provides:

Except as otherwise provided by Pa.R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,

## I. Facts and Procedural History

In this negligence case, Helen Jones sought recovery for injuries sustained when a vehicle driven by Ron Ott rear-ended Jones' car while Ott was working for Eastern Elevator Service and Sales Company.[3]  Prior to trial, Jones filed proposed points for charge with the prothonotary.  Of particular relevance to this appeal, Jones filed three proposed instructions related to negligence *per se.*  After trial had commenced, but before the case went to the jury, the trial court held a charge conference.  Neither the trial court nor the parties arranged for a court stenographer to transcribe the conference, and the trial court did not issue a ruling upon the parties' proposed instructions.  Ultimately, the trial court's charge to the jury did not include an instruction concerning negligence *per se*.  Notably, after charging the jurors, the trial court asked counsel whether there was anything with respect to the charge that either party wanted to put on the record.  Jones'

---

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

Note: If no objection is made, error which could have been corrected in pre-trial proceedings or during trial by timely objection may not constitute a ground for post-trial relief.

Pa.R.E. 103(a) provides that the specific ground for an overruled objection, or the substance of excluded evidence, need not be stated at or prior to trial, or without having made an offer of proof, if the ground of the objection, or the substance of the evidence sought to be introduced, was apparent from the context.

(2) are specified in the motion.  The motion shall state how the grounds were asserted in pre-trial proceedings or at trial.  Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

[3]     We refer to Ott and Eastern herein collectively as "Ott."

lawyer responded: "I have no issues with the charge, Your Honor." Notes of Testimony ("N.T."), 4/29/2015, at 25.

On April 29, 2015, the jury returned a verdict in favor of Ott. On May 8, 2015, Jones filed a post-trial motion contending that the trial court erred in failing to instruct the jury as to negligence *per se*.[4] Ott responded that Jones had waived her jury-charge challenge by failing to lodge a timely objection at trial. *See* Ott's Resp. to Jones' Post-Tr. Mot., 5/12/2015, at ¶ 9. Jones replied that she had preserved her claim by docketing written proposed points for charge and raising the issue in a post-trial motion. Jones' Resp., 5/13/2015, at 2. The trial court denied Jones' motion, and Jones appealed to the Superior Court.

Jones invoked a line of decisions that began with *Broxie v. Household Finance Company*, 372 A.2d 741 (Pa. 1977). In that case, Richard Broxie sued the Household Finance Company ("Household") for damages arising out of Broxie's termination from his position as a United States Postal Service worker. The trial court charged the jury as to intentional interference with contractual relations, including an instruction related to specific intent. Household did not object to this instruction, nor did it offer an alternate point for charge as to specific intent. The jury rendered a verdict in favor of Broxie. Household moved for judgment notwithstanding the verdict ("JNOV") and for a new trial, based upon the trial court's inclusion of what Household averred was an erroneous specific intent instruction. The trial court denied Household's motion and entered judgment in favor of Broxie. On appeal, the Superior Court affirmed, holding that Household waived its request for JNOV or a new trial because it failed to object to the trial court's jury instructions at trial.

---

[4] Jones also asserted that the verdict was against the weight of the evidence. The weight claim is not before us in this appeal. *Jones v. Ott*, 168 A.3d 1238 (Pa. 2017) (*per curiam*).

This Court affirmed. We began by reciting the prevailing rule:

It has long been the law in this Commonwealth that in order to preserve for appellate review an issue concerning the correctness of a trial court's charge to the jury, the complaining party must submit a specific point for charge or make a timely, specific objection to the charge as given.

*Broxie*, 372 A.2d at 743 (citing *Commonwealth v. Sisak*, 259 A.2d 428, 432 (Pa. 1969);

*Lobalzo v. Varoli*, 220 A.2d 634, 635 (Pa. 1966); *Bell v. Yellow Cab Co.*, 160 A.2d 437,

441 (Pa. 1960)). Observing that Household conceded that it had failed to lodge a

contemporaneous objection, we concluded:

[T]o allow a party to escape the consequences of failing to object timely and specifically to a trial court's charge simply because of the nature of the relief sought would elevate form over substance. . . . We therefore conclude that a party who neither specifically objects to a charge on a particular subject nor offers a specific point for charge waives its right to [JNOV] (or to appellate review of a trial court's denial of a motion for [JNOV]) where the basis of the motion is that the law against which the sufficiency of the evidence is to be measured was not the law as given to the jury.

*Id.* at 744.

In *Brancato v. Kroger Co.*, 458 A.2d 1377 (Pa. Super. 1983), highlighting the

disjunctive options that the *Broxie* Court outlined by which a party may preserve a jury-

charge challenge, the Superior Court found that plaintiff Brancato had preserved her jury-

charge challenge notwithstanding her failure to lodge a specific objection at trial. The

*Brancato* court concluded that, because plaintiff's trial counsel filed proposed points for

charge with the prothonotary, which were explicitly denied by the trial court at the recorded

charge conference, and because plaintiff then raised the issue in a post-trial motion, she

had preserved her challenge. *See Brancato*, 458 A.2d at 1379-80 (quoting *Broxie*, 372

A.2d at 743). The *Brancato* court opined that this finding was consistent with Pa.R.C.P.

227(a),[5] but did not address Pa.R.C.P. 227(b).[6] The *Brancato* court did not address Pa.R.C.P. 227.1 because that provision was not effective until the following year.

In *Meyer v. Union Railroad Company*, 865 A.2d 857 (Pa. Super. 2004), the Superior Court relied upon *Brancato* and *Broxie* to conclude that, because trial counsel filed proposed points for charge with the prothonotary, and because the court refused "to instruct the jury on [the] proposed point," the defendant Union Railroad had preserved its challenge despite failing to object to the instruction at trial. *Meyer*, 865 A.2d at 862. The *Meyer* court highlighted the fact that Union Railroad had submitted its proposed point for charge prior to the trial court's charge conference, that the charge conference revealed attempts to reach agreement as to the appropriate instruction, and that the trial court refused to instruct the jury as Union requested. *Id.* The *Meyer* court did not mention Pa.R.C.P. 227.1.

In the instant case, the trial court ruled that Jones had failed to preserve her jury-charge issue:

> [A]t no point in time did [Jones] object to the [c]ourt's omission of said charges, nor did [Jones'] counsel request the opportunity to place a formal objection on record. In fact, the parties agreed in chambers that the [c]ourt's preference to charge the jury pursuant to Pennsylvania's Standard Civil Jury Instructions was acceptable.

---

[5]     *Brancato*, 458 A.2d at 1380. Rule 227(a) provides:

> It shall not be necessary on the trial of any action or proceeding to take exception to any ruling of the trial judge. An exception in favor of the party against whom the adverse ruling was made shall be deemed to have been taken with the same force and effect as if it had been requested, noted by the official stenographer and thereafter written out, signed and sealed by the trial judge.

[6]     "Unless specially allowed by the court, all exceptions to the charge to the jury shall be taken before the jury retires." Pa.R.C.P. 227(b).

Trial Court Opinion at 3. The trial court rejected Jones' argument that, as in *Meyer*, she had preserved her claim by filing a proposed point for charge and raising the issue in a post-trial motion. The trial court explained that the *Meyer* court relied upon a recorded charge conference concerning the proposed points for charge, as well as upon an explicit trial court ruling. "Here, [however,] the record is devoid of any discussion relative to the proposed charge" and, thus, Jones' failure to preserve the claim waived her right to appellate review. *Id.* at 5.

The Superior Court affirmed. *Jones v. Ott*, 930 WDA 2015, 2016 WL 5418827 (Pa. Super. 2016) (memorandum). The Superior Court reasoned that, in the absence of a clear objection on the record, Jones' counsel waived any future jury-charge challenge when counsel told the trial court that Jones "ha[d] no issues with the charge." *Id.* at *4. The Superior Court also observed that, because "there is no record of the *in camera* proceedings before the trial court, we are unable to review what transpired at the charge conference and, therefore, we do not know whether the trial court denied the proposed points of charge or if [Jones] acquiesced in their exclusion." *Id.* at *4 n.2. Thus, the Superior Court agreed with the trial court that *Meyer* was distinguishable in light of the *Meyer* court's reliance upon the existence there of a transcribed charge conference and a trial court ruling. The Superior Court also questioned the continued vitality of *Meyer* in light of *Meyer's* reliance upon *Brancato*, a case which was later qualified by *Thomas Jefferson University v. Wapner*, 903 A.2d 565 (Pa. Super. 2006), and *Faherty v. Gracias*, 874 A.2d 1239 (Pa. Super. 2005).

In *Wapner* and *Faherty*, the Superior Court held that, in order to preserve a jury-instruction challenge for appeal—absent a specific contemporaneous objection—a litigant must file a proposed point for charge, and the trial court must explicitly accept or reject the proposed instruction. *Wapner*, 903 A.2d at 571 (finding failure to preserve a

jury-charge challenge when requesting party acquiesced in an alternate jury instruction which made it "unnecessary for the court to rule"); *Faherty*, 874 A.2d at 1249 ("[A] trial judge's ruling against a proposed charge will indeed preserve the issue for review. Yet, a ruling must be made.") (internal citations omitted). Here, the Superior Court found that, because the charge conference was not transcribed, and because there is no record of any trial court ruling upon the parties' proposed points for charge, Jones had failed to preserve her claim.

In addition, in the instant case, the Superior Court questioned *Brancato*'s reliance upon Pa.R.C.P. 227(a) "without mention or analysis of subsection (b)." *Jones*, 2016 WL 5418827 at *4 n.2. Pennsylvania Rule of Civil Procedure 227(b) mandates that, "[u]nless specially allowed by the court, all exceptions to the charge to the jury shall be taken before the jury retires." Pa.R.C.P. 227(b). According to the Superior Court, "a plain reading of Pa.R.C.P. 227(b) does not make clear whether an objection in chambers suffices to preserve a jury instruction claim for appeal or whether objections must be renewed again before the jury retires." *Jones*, 2016 WL 5418827 at *4 n.2.

We granted allowance of appeal in order to address whether a litigant preserves a jury-charge challenge pursuant to Pennsylvania Rule of Civil Procedure 227.1 when, notwithstanding her failure to object to the charge at trial, she previously filed proposed points for charge and later filed a post-trial motion challenging the trial court's failure to include specific points.[7]

Before this Court, Jones reiterates her position that she preserved her jury-charge challenge pursuant to *Meyer* by filing proposed points for charge with the prothonotary

---

[7]    Whether Jones has preserved or waived her challenge is a question of law, for which our standard of review is *de novo* and our scope of review is plenary. *See Bd. of Supervisors of Willistown Twp. v. Main Line Gardens, Inc.*, 155 A.3d 39, 44 (Pa. 2017).

and raising her challenge by post-trial motion. Jones urges this Court not to impose the "heavy consequence of waiver," and she asserts good-faith reliance upon precedent.[8] Ott responds that this Court's well-settled waiver principles outlined in *Dilliplaine v. Lehigh Valley Trust Co.*, 322 A.2d 114 (Pa. 1974), and its progeny make clear that, in order to preserve an issue for appellate review, a litigant must raise a contemporaneous objection at trial. This ensures that the trial court has the chance to correct errors in real time, thus avoiding the need for appellate review. Accordingly, Ott reasons, mere filing of a proposed point for charge with the prothonotary, without more, fails to preserve a jury-charge challenge for appellate review because it provides no opportunity for the trial court to correct any alleged error.

Ott also echoes the lower courts' finding that *Meyer* is distinguishable. In *Meyer*, the Superior Court relied upon the recorded charge conference and the trial court's explicit refusal to instruct the jury despite a request by the objecting party. These circumstances provided the trial court with an opportunity to correct any alleged error. Moreover, unlike Jones, the *Meyer* defendant did not abandon its objection to an alternative charge and then seek later to overturn that accommodation on appeal. Here, Ott maintains, without a transcript of the charge conference, and without an explicit trial court ruling upon the proposed instructions, and with Jones' on-the-record abandonment of any potential jury-charge challenge, *Dilliplaine's* well-settled preservation requirements apply.

---

[8]    *See* Brief for Jones at 19 (citing *Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Mkts., Inc.*, 52 A.3d 1233, 1247 (Pa. 2012) ("To warrant the heavy consequence of waiver, in a rules schemata designed to 'secure the just, speedy and inexpensive determination' of disputes, the applicability of [Pa.R.C.P. 227.1] should be apparent upon its face or, failing that, in clear decisional law construing the Rule.")). In *Newman*, this Court refused to find waiver when a litigant failed to file a post-trial motion upon remand of its case to the trial court because the remand proceeding did not constitute a "trial" requiring post-trial motions under Pa.R.C.P. 227.1.

## II. Analysis

In order to preserve an issue for appellate review, a litigant must place a timely, specific objection on the record. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1, 45 (Pa. 2011); *Straub v. Cherne Indus.*, 880 A.2d 561, 566 (Pa. 2005); *Dilliplaine*, 322 A.2d at 116-17. Issues that are not preserved by specific objection in the lower court are waived. Pa.R.A.P. 302(a); *Straub*, 880 A.2d at 617-18. We have long noted two benefits of timely preservation:

> (1) a timely objection made to the trial court gives that court the opportunity to take immediate corrective action, which promotes efficiency in the judicial process by allowing litigants to avoid incurring unnecessary expense and delay by being forced to resort to the appellate process; and (2) it offers a predictable and neutral standard for appellate review of claims of trial court error which is applicable to all cases, unlike the [plain error] standard which was inconsistently applied by appellate courts on a case by case basis.

*SugarHouse HSP Gaming, L.P. v. Pa. Gaming Control Bd.*, 162 A.3d 353, 365 (Pa. 2017) (citing *Dilliplaine*, 322 A.2d at 117). Requiring a specific objection on the record "remove[s] the advantage formerly enjoyed by the unprepared trial lawyer who looked to the appellate court to compensate for his trial omissions." *Dilliplaine*, 322 A.2d at 116-17. This requirement prevents a trial from turning into "merely a dress rehearsal." *Id.*

Against this backdrop, this Court promulgated Pa.R.C.P. 227.1 in 1983. In pertinent part, that rule provides:

> [P]ost-trial relief may not be granted unless the grounds therefor,

> > (1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

> > (2) are specified in the [post-trial] motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

Pa.R.C.P. 227.1(b). The Note to this section specifies that: "[i]f no objection is made, error which could have been corrected in pre-trial proceedings or during trial by timely objection may not constitute a ground for post-trial relief." Pa.R.C.P. 227.1(b), note. The Explanatory Comment to Rule 227.1 cites *Dilliplaine*, and observes that grounds for a new trial or JNOV "must be raised timely in pre-trial proceedings or during the trial, thus affording the court the opportunity to correct the error." Pa.R.C.P. 227.1, cmt. "[S]ubdivision (b)(1) [dictates] that there be a timely objection in pre-trial proceedings or at the trial." *Id.* In accord with this requirement that the trial court be afforded the opportunity to correct potential errors, Pa.R.A.P. 302 mandates as well that "[a] general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of." Pa.R.A.P. 302.

The record in this case reflects no objection to the trial court's jury instructions. Assuming, *arguendo*, that Jones asserted some objection at the unrecorded charge conference, it is well-settled that we may not consider any such objection. *See Commonwealth v. Killian*, 680 A.2d 851, 852 n.5 (Pa. 1996) ("[M]atters not part of the record will not be considered on appeal."). Thus, under *Dilliplaine*, its progeny, and our rules of civil and appellate procedure, Jones failed to preserve her jury-charge challenge.

### a. Preservation under Pa.R.C.P. 227.1

We are unpersuaded by Jones' claim that she preserved her jury-charge challenge by filing a proposed instruction with the prothonotary before trial and by later raising the issue by post-trial motion. Taken together, our rules of civil and appellate procedure, and our longstanding principles of preservation and waiver, dictate that, while a jury-charge challenge can be preserved under Pa.R.C.P. 227.1 by making proposed instructions part

of the record and by raising the issue in a post-trial motion, the challenge is waived when the appellant fails to secure a record ruling from the trial court upon the proposed charge. The record in this case is devoid of any such trial court ruling.[9]

In order to preserve a jury-charge challenge for appellate review, a party must either: (1) lodge a contemporaneous objection on the record, *Dilliplaine*, 322 A.2d at 116-17; Pa.R.A.P. 302; Pa.R.C.P. 227, 227.1, cmt.; or (2) make requested points for charge part of the record pursuant to Pa.R.C.P. 226(a), obtain an explicit trial court ruling upon the challenged instruction, and raise the issue in a post-trial motion. *See* Pa.R.A.P. 302(a); Pa.R.C.P. 226(a), 227, 227.1.

Pa.R.C.P. 226, entitled "Points for Charge," states:

> Points upon which the trial judge is requested to charge the jury shall be so framed that each may be completely answered by a simple affirmation or negation. Attorneys shall hand copies of requested points for charge to the trial judge and to the opposing attorneys before the closing addresses to the jury are begun. A requested point for charge that was presented to the trial judge becomes part of the record when the point is read into the record, or filed in the office of the prothonotary prior to filing a motion for post-trial relief regarding the requested point for charge.

Pa.R.C.P. 226(a). The mere filing of a requested point for charge, standing alone, does not preserve an assertion of trial court error. The Note to Rule 226(a) provides:

> An appellate court will not review an objection *to a ruling of a trial court* regarding a point for charge unless the point for charge was (1) presented to the court and (2) made a part of the record by either reading the point into the record or filing it in the office of the prothonotary prior to filing a motion for post-trial relief.

---

[9] As will be discussed *infra*, Jones also affirmatively abandoned her jury-charge challenge when the trial court offered her the opportunity to place an objection on the record.

Pa.R.C.P. 226(a), note (emphasis added). While inclusion of the proposed points in the record is necessary for preservation, it is not sufficient. Pa.R.C.P. 227 states that "[a]n exception in favor of the party *against whom the adverse ruling was made* shall be deemed to have been taken with the same force and effect as if it had been requested, noted by the official stenographer and thereafter written out, signed and sealed by the trial judge." Pa.R.C.P. 227(a) (emphasis added). Under Rules 226 and 227, preservation of a jury-charge challenge requires that the trial court has issued a ruling upon the matter.

Pa.R.C.P. 227.1 itself presupposes the requirement for a ruling that is outlined in Rules 226 and 227. Citing *Dilliplaine*, the Explanatory Comment to Rule 227.1 points out that grounds for a new trial or JNOV "must be raised timely in pre-trial proceedings or during the trial, thus affording the court the opportunity to correct the error." Pa.R.C.P. 227.1, cmt. Moreover, "[i]f no objection is made, error which could have been corrected in pre-trial proceedings or during trial by timely objection may not constitute a ground for post-trial relief." *Id.* Because pretrial filing of proposed points for charge provides no opportunity for correction of trial error, it does not suffice—without more—to preserve an issue for appellate review. *See Chwatek v. Parks*, 299 A.2d 631, 633 (Pa. 1972) ("We have consistently held that issues not raised *or passed upon* in the court of original jurisdiction should not be considered on appeal.") (emphasis added); *Troxell v. Anderson Coal Min. Co.*, 62 A. 1083, 1084 (Pa. 1906) ("We do not sit as an advisory board for lower courts, but to correct errors alleged to have been committed by them when brought up to us by proper assignments."). To the extent that Jones suggests that the trial court ruled by implication upon the proposed instructions by failing to include them within the charge, we are unconvinced. As the Superior Court observed, because the record is silent, "we

do not know whether the trial court denied the proposed points of charge or [whether Jones] acquiesced in their exclusion." *Jones*, 2016 WL 5418827 at *4 n.2. Absent any record, we may infer neither the fact of any ruling nor its substance.

We agree with the Superior Court as well that Jones' reliance upon *Brancato* and *Meyer* is misplaced. In both cases, the Superior Court relied upon the recorded charge conference and, in both cases, the record reflected clearly that the trial court denied the objecting party's requested instruction. *See Meyer*, 865 A.2d at 860 ("The trial court indicated that it would deny the proposed point unless Union fashioned acceptable language. As Union failed to submit a revised point No. 19, the proposed point was not included in the trial court's instructions."); *Brancato*, 458 A.2d at 1379-80 ("[O]ur examination of the record reveals that appellants' trial counsel submitted 12 hand-written points for charge. Of these, Points # 1, # 3, # 6 and # 7 were specifically denied."). Likewise, this Court's suggestion in *Broxie* that, "in order to preserve for appellate review an issue concerning the correctness of a trial court's charge to the jury, the complaining party must submit a specific point for charge or make a timely, specific objection to the charge as given," presupposes that the complaining party may complain only if the trial court denies her request. *Broxie*, 372 A.2d at 743.[10] Grounds for post-trial relief predicated upon assertedly flawed jury instructions ripen only once the trial court rules

---

[10]    *See Jones v. Montefiore Hosp.*, 431 A.2d 920, 924 n.5 (Pa. 1981) ("Although no specific objection was made at trial to the charge given, *appellants' exception to the trial court's refusal to charge as requested* on causation was sufficient to put that charge before us for appellate review.") (emphasis added); *Gradel v. Inouye*, 421 A.2d 674, 677 n.6 (Pa. 1980) ("Appellee argues, on the other hand, *that his exceptions to the trial court's refusal to charge as requested* on causation and on jury consideration of the possibility of future metastasis of the cancer were sufficient to preserve those issues for appellate review. We agree, and proceed to address those matters directly.") (emphasis added).

upon the matter. To suggest otherwise would introduce ambiguity into the record, confound appellate review (as indeed has happened in this case), and turn a trial into "merely a dress rehearsal." *Dilliplaine*, 322 A.2d at 116-17.

Without an on-the-record ruling upon a proposed point for charge, an appellate court cannot know whether the trial court denied the point for charge, whether counsel withdrew the point for charge, or whether the parties agreed upon a compromise charge. Trials are dynamic, and it is not unusual for lawyers to modify or withdraw points for charge that were previously drafted and submitted but that end up at variance with the record developed during the trial. Moreover, parties sometimes compromise as to certain instructions. Consequently, the mere filing of proposed points for charge cannot assure a record sufficient to allow meaningful appellate review. Indeed, today's case exemplifies this problem: the trial court's recollection of the charge conference differs from the recollection of Jones' counsel.[11] A transcript or explicit written ruling upon the contested instructions would obviate the dispute and enable merits review.

It is for this reason that the Superior Court held in *Wapner* and *Faherty* that, in order to preserve a jury-instruction challenge for appeal—absent a specific contemporaneous objection—a litigant must file a proposed point for charge, the trial court must rule upon that instruction, and the litigant must challenge the ruling in its post-trial motion. *Wapner*, 903 A.2d at 571 (finding failure to preserve a jury-charge challenge when requesting party acquiesced to an alternate jury instruction which made it "unnecessary for the court to rule"); *Faherty*, 874 A.2d at 1249 ("[A] trial judge's ruling against a proposed charge will indeed preserve the issue for review. Yet, a ruling must

---

[11]     *See* Trial Court Opinion at 3; Brief for Jones at 18.

be made.") (internal citations omitted). We agree with the Superior Court. Absent an explicit trial court ruling upon the matter, Jones' proposed points for charge failed to preserve her jury-charge challenge for appellate review. [12,13]

### b. Affirmative Waiver

Even were we disinclined to impose "the heavy consequence of waiver" based upon Jones' asserted good-faith reliance upon her reading of *Meyer*, the express waiver she made in open court would preclude relief. In the instant case, after charging the jury, the trial court specifically asked the lawyers whether they wished to raise any issues with the charge. Jones' counsel expressly replied, "I have no issues with the charge, Your

---

[12]     Of course, the best practice is to ensure that the charge conference is transcribed. This preserves any objections and creates the optimal record for appellate review. Although ensuring the presence of a court reporter may generally fall within the trial judge's control, counsel can (and should) make a record, either at sidebar or in open court when the jury is not present. Counsel also may file a written request for a ruling upon the proposed points for charge. While the trial judge should ensure that the charge conference (or at least the portion of that conference identifying the judge's rulings) is recorded, the trial lawyers' hands are not tied in the event that the judge fails to do so. We recognize that resources may not always be available for transcription. At a minimum, the trial court should make a written record of its decision to accept, deny, or modify proposed instructions, and the court or the parties should memorialize any instructions negotiated or agreed upon through discussion and compromise. In turn, counsel should ensure by whatever means are available that any contested rulings are documented in the record.

[13]     Although Chief Justice Saylor "ultimately agree[s] with [our] policy-based rationale that something more [than filing proposed points for charge with the prothonotary] should be required [to preserve a jury-charge challenge pursuant to Pa.R.C.P. 227.1], [he] would interpose further requirements on a prospective basis only." Concurring Opinion at 2. Accordingly, four Justices agree that, moving forward, in order to preserve a jury-charge challenge under Pa.R.C.P. 227.1 by filing proposed points for charge with the prothonotary, a party must make requested points for charge part of the record pursuant to Pa.R.C.P. 226(a), obtain an explicit trial court ruling upon the challenged instruction, and raise the issue in a post-trial motion. *See* Pa.R.A.P. 302(a); Pa.R.C.P. 226(a), 227, 227.1.

Honor." N.T., 4/29/2015, at 25. Trial lawyers waive claims, objections, and issues all the time, and do so upon all sorts of rationales.[14] These waivers may occur for countless strategic or tactical reasons, or may be based upon intervening developments in the trial record, or may reflect simple inadvertence or error. Our trial courts must be free to accept such unequivocal statements of counsel as consequential and binding. Thus, even if Jones had preserved her jury-charge issue in the first instance, her affirmative statement on the record that she no longer had any "issues with the charge" waived any available post-trial claim. When a trial judge directly asks for any objections, counsel must directly state them, explicitly or by reference to prior recorded objections, on pain of waiver.

As a general matter, we do not suggest that our rules of civil and appellate procedure require counsel to state some additional objection on the record if (unlike in this case) there already is a record of the ruling upon the proposed point for charge. But, when the trial court specifically asks whether a party objects to a given charge, it is reasonable to expect that counsel will in fact object or remind the court of a previously offered instruction rather than abandon the point. This is unexceptional. *See Passarello v. Grumbine*, 87 A.3d 285, 292 (Pa. 2014) (holding that appellee preserved his jury-charge challenge by objecting to the relevant proposed jury instructions at the recorded charge conference, objecting on the record on the day of trial, and responding to "the court before the jury commenced deliberating that he wanted to preserve both the

---

[14] For illustrative purposes, a few examples (among many) will suffice: a party may waive a challenge to improper venue by failing to file preliminary objections, *see Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1281 (Pa. 2006); a party may waive certain affirmative defenses by not filing new matter, *see* Pa.R.C.P. 1030; a party may waive any preserved trial objections by not including them in an ordered concise statement, *see* Pa.R.A.P. 1925(b).

objections he had made during the charging conference . . . and the objection to the . . . charge he had raised that morning").

Moreover, an issue preserved at one stage (as in a submitted and ruled-upon point for charge) can be waived at another stage (such as by denying that there are any objections or by failing to include the issue in subsequent briefing).  *See Commonwealth v. Cash*, 137 A.3d 1262, 1281-82 (Pa. 2016) (finding that trial counsel waived his fair-trial challenge predicated upon being shackled during proceedings under Pa.R.C.P. 302(a) when, after initially objecting, counsel stated, "[i]f the sheriff's office feels [the shackling] has to be done, I don't feel I have a position one way or the other," and stating that he had "no objection" to the shackling at a subsequent hearing); *Commonwealth v. Manigault*, 462 A.2d 239, 240 (Pa. 1983) (finding that issues which are neither argued nor briefed are abandoned and waived); *Bodine v. Boyd*, 119 A.2d 274, 276-77 (Pa. 1956) (finding "actual affirmative waiver" of jury-charge challenge when the trial court asked counsel "[i]s there anything else you want me to say" and counsel responded "I have nothing, sir").  The parties, their lawyers, and the court must be able to trust that a point for charge, once affirmatively abandoned on the record, cannot, at whim and in contradiction of that waiver, be resuscitated, dusted off, and re-asserted in a post-trial motion and an appeal.  To hold otherwise would unwittingly deprive trial lawyers of their agency as professionals, and, in doing so, unnecessarily inject confusion and uncertainty into civil practice.

**III.    Conclusion**

Because Jones failed to lodge a contemporaneous objection to the trial court's instructions at trial or to interpose any objection when invited by the trial court to do so, her challenge is waived. Accordingly, we affirm the order of the Superior Court.

Justices Baer and Todd join the opinion.

Chief Justice Saylor joins Parts I and II(b) of the opinion and files a concurring opinion.

Justice Dougherty files a dissenting opinion in which Justice Donohue joins.

Justice Mundy files a dissenting opinion in which Justice Donohue joins.