J-A17025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TYRONE TILLMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL BLANGO | : | No. 3023 EDA 2018 |

Appeal from the Judgment Entered November 13, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 17-02-02595

BEFORE:  PANELLA, P.J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 1, 2019**

Appellant, Tyrone Tillman, appeals from the judgment entered on November 13, 2018, in a personal injury lawsuit arising from an automobile accident.  We affirm.

The trial court briefly summarized the facts and procedural history of this case as follows:

> On February 10, 2017, Appellant commenced a civil action by filing a complaint against Appellee[, Samuel Blango (Blango)]. Both parties completed discovery and on November 8, 2017, a panel of arbitrators found in favor of Appellant against [Blango] in the amount of $9,000.00.  [Blango] filed a notice of appeal from the arbitrator's award demanding a jury trial pursuant to Pennsylvania Rule of Civil Procedure 1311.1.
>
> On August 29, 2018, [] a jury verdict was rendered in favor of [Blango] against Appellant.  On September 5, 2018, Appellant filed a timely post-trial motion with [the trial] court which was denied.  On September 14, 2018, Appellant filed a notice of appeal[.  O]n September 17, 2018, the [trial] court ordered Appellant to file a concise statement of errors complained of on

appeal pursuant to Pa.R.[A.]P. 1925(b)(1). [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 29, 2018.]

Trial Court Opinion, 11/29/2018, at 1-2 (parentheticals and superfluous capitalization omitted).

On appeal, Appellant presents the following issues for our review:

A) Whether the [trial] court committed an error of law and/or abused [its] discretion when it:

  1) Improperly instructed the jury on damages;

  2) Misread/failed to read [standard] jury charge 7.50 (Civ) [regarding] [d]amages in [a] [c]ase of [u]ndisputed [n]egligence and [i]njury[?]

B) Whether the [trial] court committed an error of law and/or abused [its] discretion when it denied [Appellant's] [m]otion for a [n]ew [t]rial because the verdict was against the weight of the evidence[?]

Appellant's Brief at 9.[1]

In his first issue, Appellant claims that the trial court committed an error of law or abused its discretion regarding jury instructions. Appellant's Brief at 21-27. Appellant argues that the trial court erred by failing to give Pennsylvania Standard Civil Jury Instruction 7.50 pertaining to damages in cases involving undisputed negligence and injury. *Id.* at 24-27. Appellant maintains that he submitted the requested jury charge prior to trial and that it was error to refuse the instruction, because:

[Appellant] believed that the lower court agreed and would read said charge, as the parties stipulated to negligence and both

---

[1] We have changed the order of Appellant's issues as presented for clarity and ease of discussion.

doctors, [Appellant's] treating doctor and the [Independent Medical Examiner (IME,)] agreed that [Appellant] sustained an injury in the accident in the nature of a lower back sprain and strain, the injury was causally related to the [automobile] accident [at issue] and that the treatment was reasonable. However, the [trial] court completely failed to read Pennsylvania Standard Civil Jury Instruction 7.50 (Civ) and[,] in fact[,] instructed the jury in a matter contrary to the correct charge.

*Id.* at 24-25. Appellant argues that the trial court further erred by instructing the jury that they were to decide whether to award damages and that Appellant must have experienced pain and suffering in order to be eligible to claim past and future noneconomic damages. *Id.* at 23-24. Appellant claims that he submitted the proposed jury instruction before trial and, therefore, he properly preserved the issue despite not making a specific objection to the charges given at trial. *Id.* at 21-22.

"[O]ur standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." *Commonwealth v. Leaner*, 202 A.3d 749, 782–783 (Pa. Super. 2019) (citation omitted). Our Supreme Court recently determined:

In order to preserve a jury-charge challenge for appellate review, a party must either: (1) lodge a contemporaneous objection on the record, *Dilliplaine* [*v. Lehigh Valley Trust Co.*], 322 A.2d [114,] 116-117 [(Pa. 1974)]; Pa.R.A.P. 302; Pa.R.C.P. 227, 227.1, cmt.; or (2) make requested points for charge part of the record pursuant to Pa.R.C.P. 226(a), obtain an explicit trial court ruling upon the challenged instruction, and raise the issue in a post-trial motion. *See* Pa.R.A.P. 302(a); Pa.R.C.P. 226(a), 227, 227.1.

*Jones v. Ott*, 191 A.3d 782, 789 (Pa. 2018). "Taken together, our rules of civil and appellate procedure, and our longstanding principles of preservation and waiver, dictate that, while a jury-charge challenge can be preserved under Pa.R.C.P. 227.1 by making proposed instructions part of the record and by raising the issue in a post-trial motion, the challenge is waived when the appellant fails to secure a record ruling from the trial court upon the proposed charge." *Id.* at 788.

Here, upon review of the certified record, Appellant did not object to the jury charges as given at trial. *See* N.T., 8/29/2018, at 95-115. Instead, when asked if there were any concerns about the jury instructions, counsel for Appellant responded, "I don't believe so." *Id.* at 115. Accordingly, we conclude that without securing a record ruling from the trial court, Appellant waived his claim of jury instruction error.

Next, Appellant contends that he is entitled to a new trial because the verdict was against the weight of the evidence presented. Appellant's Brief at 15-21. He claims that the following evidence supports his position:

> [] Dr. Randall Smith [] stated that [A]ppellant presented on February 26, 2016 with complaints of pain and discomfort in the cervical spine, the thoracic spine and his lumbar spine, as well as pain in his right arm. On October 31, 2016, after eight months of treatment, Dr. Smith notes that [A]ppellant continue[d] to have intermittent low back pain. Dr. Smith then diagnos[ed] [A]ppellant with sprain of ligaments of the cervical spine, sprain of ligaments of the thoracic spine and sprain of ligaments in his lumbar spine. Dr. Smith opine[d] that [A]ppell[a]nt's prognosis [was] fair and that he ha[d] reached maximum medical improvement and [was] discharged. Finally, Dr. Smith opine[d]

that [A]ppellant will be left with chronic discomfort in his lower back brought on by certain positions and activities.

Dr. Randall Smith wrote a subsequent report in January 2017 which stated that [A]ppellant treated in his facility from February 26, 2016 through October 31, 2016. He note[d] that [A]ppellant was seen for six physician visits and 29 therapy visits. He note[d] that [A]ppellant continues to complain of intermittent low back pain. He also note[d] within a reasonable degree of medical certainty the diagnosis is causally related to the motor vehicle accident of February 24, 2016.

[Blango] had [A]ppellant [] examined by Dr. Daniel Goldstein, an orthopedic surgeon, on January 11, 2018. Dr. Goldstein's report state[d] that the diagnosis of lumb[o]sacral sprain [was] correct and supported by the objective findings. The report notes that [A]ppellant's length and frequency of treatment was appropriate. He also state[d] that the diagnosis [was] causally related to the accident. He further state[d] that within a reasonable degree of medical probability, the proximate cause of the injury and diagnosis [was] the car accident with whiplash mechanism for low back strain.

*Id.* at 16-17 (record citations omitted).

Thus, Appellant argues:

[T]aking the medical evidence set forth above in the light most favorable to [Blango], [A]ppellant [] suffered a strain and sprain injury to his lower back, had medical care and treatment for approximately eight (8) months, and still had ongoing complaints of low back pain. Furthermore, [A]ppellant's treating physician Dr. Randall Smith and [Blango's] IME doctor Dr. Daniel Goldstein both agree that [A]ppellant suffered a strain and sprain injury to his low back, the injury was causally related to the accident, and the treatment rendered was reasonable. The jury verdict of $0, which is ultimately a finding in favor of [Blango], is so contrary to the evidence to clearly shock one's sense of justice.

*Id.* at 20.

Our standard of review for a claim that the verdict was against the

weight of the evidence is as follows:

Appellate review of a weight claim is a review of the trial court's exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court may award a judgment notwithstanding the verdict or a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. When a fact finder's verdict is so opposed to the demonstrative facts that looking at the verdict, the mind stands baffled, the intellect searches in vain for cause and effect, and reason rebels against the bizarre and erratic conclusion, it can be said that the verdict is shocking.

*Haan v. Wells*, 103 A.3d 60, 70 (Pa. Super. 2014) (internal citations, brackets, and quotations omitted).

We previously determined:

This Court recognizes that not all injuries are serious enough to warrant compensation, even though there may be some pain. The real test is whether the uncontroverted injuries are such that a conclusion that they are so minor that no compensation is warranted defies common sense and logic. Accordingly, such conclusions are made on a case by case basis. As this [C]ourt [further] noted []:

[t]he existence of compensable pain is an issue of credibility and juries must believe that plaintiffs suffered pain before they compensate for that pain. A jury is not required to award a plaintiff any amount of money if it believes that the injury plaintiff has suffered in an accident is insignificant.

- 6 -

> Insignificant means the jury could have concluded that any injury plaintiff suffered did not result in compensable pain and suffering. While a jury may conclude that a plaintiff has suffered some painful inconvenience for a few days or weeks after the accident, it may also conclude that the discomfort was the sort of transient rub of life for which compensation is not warranted.

> In this vein, in holding that a jury's award of medical expenses without compensation for pain and suffering should not be disturbed where the trial court reasonably may have found the jury did not believe the plaintiff suffered any pain and suffering or that a preexisting condition or injury was the sole cause of any alleged pain and suffering, our Supreme Court has stated a reversal of a jury verdict on the grounds of its inadequacy is appropriate only where the injustice of the verdict stands forth like a beacon.

*Gold v. Rosen*, 135 A.3d 1039, 1044 (Pa. Super. 2016) (internal citations and quotations omitted).

Here, the trial court noted that it was undisputed that Appellant sustained some injury from the accident at issue. Trial Court Opinion, 11/29/2018, at 7. However, the trial court found that "the jurors in this case decided that Appellant's injury was not serious enough to warrant compensation." *Id.* The trial court ultimately concluded that "[t]he verdict was entirely within the purview of the jury, and was not so contrary to the evidence as to shock one's sense of justice." *Id.*

Based upon the facts of this case as presented at trial, we discern no error or abuse of discretion in ruling upon Appellant's weight of the evidence claim. This case did not involve a violent collision, but rather involved a relatively minor accident wherein Blango, travelling between five to 10 miles per hour, struck Appellant from behind at a stop sign. N.T., 8/29/2018, at

29-32 and 63. Appellant received chiropractic care for three months following the accident, but continued to work four to seven days a week as a Greyhound bus driver. *Id.* at 45-48. Although Appellant testified that he believed he needed additional medical treatment, he had no future medical appointments scheduled at the time of trial. *Id.* at 52. Moreover, Dr. Smith opined that eight months after the accident, Appellant "reached maximum medical improvement – meaning there's nothing further that Dr. Smith can do for him at that point – and [] discharged [Appellant] from therapy treatments[]." *Id.* at 56. Dr. Goldstein opined that Appellant had a "full active range of motion," full strength of his spine with no tenderness, and "equal and symmetric reflexes in the bilateral upper extremities." *Id.* at 69. Dr. Goldstein noted that Appellant had no physical impairments, required no further medical treatment, could return to work without restrictions, and had fully recovered. *Id.* at 70-71. Thus, Dr. Goldstein concluded that there were "no palpable or physical findings on the exam consistent with low back pain" and that Appellant's "subjective complaints do not match the objective physical findings." *Id.* at 70.

While the parties conceded that Blango's negligence caused some harm to Appellant, based upon the foregoing evidence, the jury did not find such harm significant enough to warrant a monetary award. It was within the jury's purview to find that the discomfort Appellant experienced following the accident was a transient rub of life. Hence, we conclude that the jury's finding was consistent with applicable law and the facts of this record. Accordingly,

we hold that the trial court did not abuse its discretion or err as a matter of law in denying Appellant's request for a new trial.  Appellant's weight of the evidence claim is, therefore, without merit.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/1/19