**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| ROBERT KIRKSEY, JR., | : | No. 18 WAP 2020 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court entered October 9, |
| | : | 2019 at No. 421 WDA 2018, |
| v. | : | affirming the Judgment of the Court |
| | : | of Common Pleas of Allegheny |
| | : | County entered April 12, 2018 at |
| CHILDREN'S HOSPITAL OF PITTSBURGH | : | No. GD 14-010939. |
| OF UPMC, UNIVERSITY OF PITTSBURGH | : | |
| PHYSICIANS, AND SATYANARAYANA | : | ARGUED:  December 2, 2020 |
| GEDELA, M.D., | : | |
| | : | |
| Appellees | : | |

## CONCURRING STATEMENT

**JUSTICE WECHT**                              **DECIDED:  DECEMBER 10, 2020**

I join the Court's decision to dismiss this case as improvidently granted.  Those who wish to challenge a trial court's refusal to give a requested jury instruction must preserve that challenge.

An appellate court can consider only matters appearing within the certified record of the case.  *Commonwealth v. Martz*, 926 A.2d 514, 524 (Pa. Super. 2007); *see also Commonwealth v. Killen*, 680 A.2d 851, 852 n.5 (Pa 1996) ("[M]atters not part of the record will not be considered on appeal.").  It is the appellant's duty to ensure that the reviewing court has a complete record.  *Commonwealth v. Saranchak*, 675 A.2d 268, 275 (Pa. 1996).

For an appellate court to evaluate a requested jury instruction, the proposed point for charge must be part of the record.  "A requested point for charge that was presented to the trial judge becomes part of the record when the point is read into the record, or filed

in the office of the prothonotary prior to filing a motion for post-trial relief regarding the requested point for charge." Pa.R.C.P. 226(a). When a standard suggested jury instruction is requested, it may be sufficient that the number alone is referenced in the record. But, when a non-standard instruction is proposed, the exact language must be part of the record so that the reviewing court can evaluate whether the instruction was warranted by the evidence presented.

This does not end counsel's work. Merely making the proposed point for charge part of the record is not sufficient on its own to preserve a challenge to the denial of a jury instruction. We recently addressed this issue in *Jones v. Ott*, 191 A.3d 782 (Pa. 2018). In that case, the plaintiff filed her proposed points for charge with the prothonotary. Three requested charges were not given, although there was no record of the trial court ruling upon those proposed instructions. Further, the plaintiff did not object to the charge and, when asked by the trial court if anything about the jury charge needed to be put on the record, plaintiff's counsel responded that there were no issues with the charge. The plaintiff then filed a post-trial motion contending that the trial court erred in failing to give the three requested instructions. The trial court denied the motion.

The plaintiff then appealed. The Superior Court held that the plaintiff had waived her claim when, upon inquiry from the trial judge, plaintiff's counsel stated that there were no issues with the jury instructions. Additionally, because there was no record of the trial court's ruling on the proposed points for charge, the appellate panel was unable to determine "whether the trial court denied the proposed points of charge or if [the plaintiff] acquiesced in their exclusion." *Id.* at 786 (quoting *Jones v. Ott*, 930 WDA 2015, 2016 WL 5418827 at *4 n.2 (Pa. Super. 2016)). Based upon the waiver of the claim, the Superior Court affirmed.

Upon review, this Court affirmed. First addressing preservation requirements, we noted that a timely, specific objection must be made on the record. The record did not reflect such an objection. The plaintiff contended that the filing of the proposed instruction and a post-trial motion sufficed to preserve the claim. A plurality of this Court disagreed. We outlined the procedure for ensuring a challenge is preserved. "[A]bsent a specific contemporaneous objection[,] a litigant must file a proposed point for charge [pursuant to Pa.R.C.P. 226(a)], the trial court must rule upon that instruction, and the litigant must challenge the ruling in its post-trial motion." *Jones*, 191 A.3d at 791. A fourth justice agreed with the rationale for these requirements, but would have applied them only on a prospective basis. *Id.* at 793 (Saylor, C.J., concurring); *see id.* at 791 n.13.[1]

In addition, a majority of the Court held that plaintiff's counsel had affirmatively waived any challenge to the jury instructions by responding that there were no issues with the charge as given. Because "an issue preserved at one stage . . . can be waived at another stage," *id.* at 792, counsel must state any objections (or reference a prior recorded objection) when asked directly by the trial judge.

It is not sufficient for an attorney to get a ruling and file a post-trial motion without making the proposed point for charge part of the record. Nor is it sufficient for an attorney to file proposed points for charge and a post-trial motion without getting a ruling on the record. To ensure preservation of challenges to jury instructions, attorneys must familiarize themselves with the case law and the relevant rules, and must make a complete and full record in order to enable appellate review of the merits of their claims.

---

[1]     Three justices would have held that filing the points for charge and raising the issue in a post-trial motion were sufficient to preserve the issue for review. *Jones*, 191 A.3d at 793 (Dougherty, J., dissenting), 796 (Mundy, J., dissenting).