**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD LENNON HETRICK | : | |
| | : | |
| Appellant | : | No. 177 WDA 2025 |

Appeal from the Judgment of Sentence Entered June 28, 2024
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000214-2023

BEFORE: BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: January 26, 2026**

Appellant Donald Lennon Hetrick appeals from the judgment of sentence entered by the Court of Common Pleas of Blair County after Appellant was convicted of Trafficking in Individuals – Sexual Servitude (18 Pa.C.S.A. § 3011(a)(1)), Conspiracy to Traffic Individuals (18 Pa.C.S.A. § 903(a)(1)), Rape of an Unconscious Victim (18 Pa.C.S.A. § 3121(a)(3)), Statutory Sexual Assault (complainant less than 16 years old and offender is at least 11 years old than complainant) (18 Pa.C.S.A. § 3122.1(b)), Sexual Exploitation of Children (18 Pa.C.S.A. § 6320(a)), Corruption of Minors - Sexual Offenses (18 Pa.C.S.A. § 6301(a)(1)(ii)); Corruption of Minors (18 Pa.C.S.A. § 6301(A)(1)(i)) (two counts); Unlawful Contact with Minor – Sexual Offenses

_____

[*] Former Justice specially assigned to the Superior Court.

(18 Pa.C.S.A. § 6318(a)(1)); and Criminal Use of a Communication Facility (18 Pa.C.S.A. § 7512(a)).  After careful review, we affirm.

After a three-day trial, on January 25, 2024, a jury convicted Appellant of the aforementioned offenses.  On June 28, 2024, the trial court sentenced Appellant to an aggregate term of twenty-one (21) to forty-seven (47) years' imprisonment at a state correctional institution. On July 8, 2024, Appellant filed a post-sentence motion.  On November 18, 2024, Appellant filed a notice of appeal, which was docketed at 1423 WDA 2024.

On January 29, 2025, this Court entered an order quashing that appeal, given that the record did not contain any indication that the trial court had entered an order resolving Appellant's post-sentence motion or that the clerk of courts had entered an order indicating that the motion had been denied by operation of law.[1]  On February 10, 2025, the Clerk of Courts of Blair County entered notice that Appellant's post-sentence motion had been denied by operation of law.  On February 13, 2025, Appellant filed a second notice of

---

[1] **See Commonwealth v. Claffey**, 80 A.3d 780, 783 (Pa.Super. 2013) (noting that an appeal filed while post-sentence motion is pending is premature); **see also** Pa.R.Crim.P. 720 cmt. ("No direct appeal may be taken by a defendant while his or her post-sentence motion is pending."); **see also** Pa.R.Crim.P. 720(B)(3)(a)-(c) (providing that post-sentence motions not decided within the mandatory timeframe shall be denied by operation of law, with such order entered by the clerk of courts on behalf of the court); Pa.R.A.P. 905(a)(5) (stating that initially premature notice of appeal shall be treated as filed on the date the appealable order is entered); Pa.R.A.P. 301(d) (mandating that clerk of lower court shall prepare, sign, and enter appropriate orders upon praecipe of any party).

appeal, which was docketed at 177 WDA 2025. This appeal is properly before this Court.

Appellant claims that the trial court erred in denying his post-sentence motion seeking a new trial based on his allegation that the Commonwealth failed to disclose to the defense before trial that they would be offering the expert testimony of Dr. Barbara Ziv, M.D. Appellant claims that the prosecution did not share Dr. Ziv's curriculum vitae with the defense until minutes before she took the stand at Appellant's trial.

However, a review of the record shows that Appellant failed to properly preserve this challenge before the trial court. "It is axiomatic that to preserve an issue for appellate review, a litigant must place a timely, specific objection on the record. Issues that are not preserved by specific objection in the lower court are waived." **Caranci v. Monsanto Co.**, 338 A.3d 151, 165 (Pa.Super. 2025) (quoting **Jones v. Ott**, 648 Pa. 76, 191 A.3d 782, 787 (2018)).

Prior to the commencement of the second day of trial, the prosecution set forth its intention to call Dr. Ziv as an expert in forensic psychiatry to generally testify about victim response to sexual assault. The prosecutor indicated that she would move for the admission of Dr. Ziv's curriculum vitae, which already had been marked as an exhibit. The following exchange then occurred:

[Trial Court:] Attorney Pletcher, anything for the record?

[Defense Counsel:] Your Honor, I don't believe I got the curriculum vitae [of Dr. Ziv].

[Prosecutor:] I can give him a copy. I did email him a copy of the curriculum vitae and I emailed him a copy of the general report that Dr. Ziv does. Because she doesn't interview the witnesses, she has a blind expert report where she basically talks about the literature of victim response to sexual assault. She has one for adults and one for children. I would've emailed that to Attorney Pletcher in the course of this case when I gave him notice that we intended to call her. I can give him updated copies of both of those today but those have been given to him prior to today.

[Trial Court:] Attorney Pletcher, are you suggesting that you didn't get those reports or you did get them?

[Defense Counsel:] Only that – I have them now, Judge. I'm fine. I can read them I believe.

[Trial Court:] Any further requests?

[Defense Counsel:] No, Your Honor.

[Trial Court:] Anything else as a preliminary matter, Attorney Pletcher?

[Defense Counsel:] No, Judge.

[Trial Court:] We'll have the jury brought in please.

Notes of Testimony (N.T.), 1/23/25, at 3-4.

Based on this exchange, defense counsel failed to preserve a challenge to the timing of the prosecution's notification that it would be offering Dr. Ziv's expert testimony as defense counsel did not make a timely, specific objection at that point or make any challenge to Dr. Ziv's admission as an expert witness. Appellant waited until after he was convicted and sentenced to raise this issue for the first time in his post-sentence motion. As such, Appellant has waived this issue on appeal. Given that Appellant raises no other issues for our review, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  1/26/2026